


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stanley Timmins
County Attorney
Harrison County
Marshall, Texas

Dear Mr. Timmins:

Opinion No. O-615

Re: Does a commissioners' court
have authority to pay an at-
torney on a quantum meruit
basis for services rendered
in the collection of delin-
quent taxes or in any other
manner than that set out in
Article 7335a, Sections 1
and 2?

Your request for an opinion on the above captioned
question has been received and carefully considered. Your
brief and citation of authorities, included in your letter,
have been of assistance to this department in the investiga-
tion on the subject, for which we express our appreciation.

You advise that on August 30, 1938, the Commission-
ers' Court of Harrison County made a "purported contract" with
Mr. A. E. Shepherd, a practicing lawyer, to file pleas of in-
tervention on behalf of the county and state in pending cases,
which had been filed by the City of Marshall against various
property owners to collect delinquent taxes, and that the
state and county had been impleaded in these suits. A photo-
static copy of said instrument accompanies your letter, from
which we quote material parts as follows:

"  .  .  .  .
"WHEREAS, the Commissioners Court of Harri-
son County, Texas, joined by the Comptroller of
Public Accounts of State of Texas deem it neces-

sary and expedient to contract with some competent attorney at law to intervene and enforce the collection of delinquent state and county taxes due against the defendant taxpayers within said city for a per cent of said taxes, penalties and interest actually collected and paid to the Collector of Taxes, as provided in Chapter 21, Acts of the Third Called Session of the Thirty-eighth Legislature Art. 7335, Revised Civil Statutes, 1925; Chapter 8, Acts Fourth Called Session of the Forty-first Legislature, Art. 7335a, Vernon's Annotated Civil Statutes; and Chapter 310, Acts of the Forty-second Legislature, Art. 7264a, Vernon's Annotated Civil Statutes; Acts of the Forty-fifth Legislature, Regular Session, Senate Bill 477, Art. 7345b Vernon's Annotated Statutes, 1925; * * *

"NOW, THEREFORE, THIS CONTRACT made and entered into by and between the County of Harrison, Texas, a body politic and corporate, acting herein, by and through its Commissioners' Court, joined by the Comptroller of Public Accounts of the State of Texas, hereinafter styled First Party, and A. E. Shephard, a practicing attorney of the County of Harrison, State of Texas, hereinafter styled Second Party;

"W I T N E S S E T H;

"First Party * * * agrees in writing, to employ, and does hereby employ, Second Party to intervene, prosecute and negotiate for speedy enforcement of the collection of the delinquent state and county ad valorem taxes, penalty, interest and costs against the property, or any part thereof, sued upon by the City of Marshall, a corporation, as the same appear upon the tax rolls and delinquent tax rolls and collectible by the county tax collector under the provisions of Article 7264 and 7257 R. S. 1925 and shown to be delinquent upon the delinquent tax records of said county from 1929 to the date of termination of this contract, one year from the date hereof.

" * * *



### "III

"First Party agrees to pay to Second Party
as compensation for services required hereunder,
fifteen (15%) per cent of the amount collected
of all delinquent taxes, penalty, interest and
line costs of the years sued upon from time to
time and actually collected by the tax collect-
or of taxes pursuant to said suits or interven-
tions made as follows; ten (10%) per cent of
which amount shall be from the delinquent tax-
payer as costs pursuant to Section 6, Article
7345b Revised Civil Statutes of 1925 as passed
by the Forty-fifth Legislature, Regular Session
and collected from the taxpayer and five (5%)
per cent to be paid by First Party out of taxes,
penalty, and interest collected from defendants
in said intervention suits, said compensation
to be payable monthly as earned upon statements
to the Commissioners' Court from the Assessor
and Collector of Taxes of said county on the
second Monday of each month with first report on
September 1st., 1938, for collections during July
and August, 1938, said reports to be available as
soon after the first of each month as possible.
* * * ".

This instrument was not "joined in" by the Comp-
troller, as contemplated by its terms, nor was it approved
by the Comptroller and the Attorney General, as required by
the present statute.

It further appears from your statement that Mr.
Shepherd did in fact file 105 pleas of intervention in
the tax suits; that approximately $2000.00 was collected
and paid to the Assessor and Collector of Taxes, and that
the attorney was paid during the year 1938 the sum of
$400.00 on account of the services so performed by him.

You further state in substance that inasmuch as
the Attorney General on February 11, 1939, held such instru-
ment to be void and ineffective as a contract, Mr. Shepherd
had proceeded no further thereunder, but that he had present-
ed a claim to the Commissioners' Court of Harrison County for
$1030.00, less the $400.00 already paid to him, basing the
claim upon a quantum meruit as for the reasonable value of



the services so performed by him to the county.

The opinion of the Attorney General was based upon the plain words of the statute hereinafter quoted and several decisions of the Supreme Court and the Courts of Civil Appeals, which had declared in effect that any agreement entered into between the Commissioners' Court and an attorney, which had to do with the collection of delinquent taxes, whether by suit or otherwise, is absolutely void, unless it is approved as to substance and form both by the State Comptroller and the Attorney General. Some of the cases so holding are:

> Nunn-Warren Pub. Co. v. Hutchinson Co., 45 S. W. 651, (writ of error refused, and which was rendered February 8, 1932);

> Easterwood v. Henderson Co. (Com.of Apps.) 62 S. W. (2) 65, (rendered June 22, 1933);

> Sylvan Sanders Co. v. Scurry Co., 77 S. W. (2) 709 (rendered December 7, 1934);

> White v. McGill (Sup.Ct.) 114 S. W. (2) 860, (rendered March 23, 1938).

The pertinent statutes bearing upon this question are Article 7335a, Vernon's Annotated Texas Civil Statutes, towit:

> "No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas, both as to substance and form. Provided however the County or District Attorney shall not receive any compensation for any services he may render in connection with the performance of the contract or the taxes collected thereunder.

> "Any contract made in violation of this Act shall be void."

Article 7345h, Sec. 6, Vernon's Annotated Texas Civil Statutes provides:

"All court costs, including costs of serving process, in any suit hereafter brought by or in behalf of any taxing units for delinquent taxes in which suits all other taxing units having a delinquent tax claim against such property or any part thereof, have been impleaded, together with all expenses of foreclosure sale and such reasonable attorney's fees as may be incurred by the interpleaded or intervening taxing units, not exceeding ten per cent (10%) of the amount sued for, such attorney's fees to be subject to the approval of the court together with such reasonable expenses as the taxing units may incur in procuring data and information as to the name, identity and location of necessary parties and in procuring necessary legal descriptions of the property, shall be chargeable as court costs."

In consideration of the foregoing statutes and the cited cases, it is not believed that the opinion of the Attorney General had the effect to confer any right in Mr. Shepherd to proceed against the county on an implied contract. The Attorney General's ruling did not kill this instrument, nor did it cripple its supposed effectiveness. Lacking the approval of the Comptroller and the Attorney General as to its substance and form, such instrument was a tortious document, which never had any life nor possessed any more validity than if it had been a blank sheet of paper.

The provisions of the statutes above quoted make clear two things, which are: (1) The Commissioners Court of Harrison County was powerless by and of itself to make a contract with Mr. Shepherd with respect to filing pleas of intervention in delinquent tax suits, or concerning any other matters having to do with collection of delinquent taxes; and (2) had the instrument in question been executed so as to make it a contract, the only method of payment provided for the services that might have been rendered thereunder is that stated in and limited by the aforesaid statutes.

In the study of this question we have read and considered such cases as Sluder v. City of San Antonio

(Com.of App.) 2 S. W. (2) 843; Harrison Co. v. Neville, 84 S. W. (2) 884, Southwestern Lloyds v. City of Wheeler (Com.of App.) 106 S. W. (2) 758; West Audit Co. v. Yoakum Co. (Com.of App.) 35 S. W. (2) 404, and other cases of similar import.

In all these cases it was held that suits might be maintained and recoveries could be had against counties or municipalities upon implied contracts for the reasonable value of goods furnished or services rendered, that is, upon a quantum meruit, notwithstanding the contracts which had been entered into between the counties or municipalities and the other contracting party or parties were void and unenforceable. An examination of these cases, however, will disclose that in each instance the contracts that were involved in those cases were such as a county or municipality acting as a corporate entity could have made.

Furthermore, in none of those cases was it necessary for the State to be a party to the contracts, either in its own name or by some authorized departmental agency; nor did any of them have anything to do with matters about which the State was directly concerned.

We now refer to and will briefly discuss a few of the authorities which distinguish such a case as the instant one from the Sluder and other similar cases. We direct special attention to the case of Numm-Warren Pub. Co. v. Hutchinson County, supra. In that case the county sued to recover of the Publishing Company a sum which had theretofore been paid to the Company by an ordinary county warrant on account of its having published citations in delinquent tax suits. The county in its petition alleged that the Publishing Company was advised before the warrant was issued to it that the county was not liable thereon, and that all of the acts of the county's officers pertaining to the approval and allowance of same were illegal and void. The grounds of invalidity of such warrant are disclosed by Article 7342, R. C. S., 1925, which relates to suits for delinquent taxes against unknown and nonresident owners and which provides for fees to be allowed newspapers for making publication of citations in such cases, and which further provides that such publication fees shall be taxed as costs in the pending case. The court held that the Legislature had given the Commissioners'



Court no authority to pay for the publication of such citations "out of funds of the county derived from any other source than as shown in the said statute." The record in that case showed that the Publishing Company had no contract with the Commissioners' Court, unless the approval and payment of its claim by the county constituted a valid contract <u>by implication</u>. In its opinion the court said:

"'County commissioners' courts have no power or authority, except such as is conferred upon them by the Constitution or statutes of the state.' Baldwin v. Travis County, 40 Tex. Civ. App. 149, 88 S.W. 480, 484. Also Commissioners' Court of Madison County et al. v. Wallace et al, 118 Tex. 279, 15 S.W. (2d) 535.

"The rule is apparently settled in Texas that if a county receives the benefit of a contract <u>which it had the power to make but which was not legally entered into</u>, it may be compelled to pay for what it has received, because in such cases the law implies a contract. Sluder v. City of San Antonio (Tex. Com. App.) 2 S. W. (2d) 841; West Audit Co. v. Yoakum County (Tex. Com. App.) 35 S.W. (2d) 404.

"However, 'the county may not be held liable upon an implied contract or quantum meruit unless the commissioners' court was <u>authorized to make the contract sought to be implied</u>; nor is the county estopped to set up as a defense the want of authority in making the contract. <u>The other party to the agreement is not in the situation of one who has acted innocently or without knowledge of the circumstances.</u> One who deals with the county is charged with notice of the regulations; and a custom which ignores the law cannot be invoked for the purpose of validating a transaction which is otherwise invalid."

The opinion in the Hutchinson County case cited with approval the case of Baldwin v. Travis County, 88 S.W. 480, which had announced the law on a similar state of facts, and in which the court said:

> "A county cannot be held liable in an
> action upon an implied contract of quantum
> meruit, unless the Commissioners' Court was
> authorized to make the contract sought to
> be implied or on which the quantum meruit is
> based. City of San Antonio v. French, 80 Tex.
> 575, 16 S. W. 440, 26 Am. St. Rep. 763; Penn
> v. City of Laredo (Tex. Civ. Appa.) 26 S. W. 636;
> Peck v. City of Hempstead (Tex. Civ. Appa.) 66
> S. W. 653; 1 Dillon on Municipal Corporations,
> Sections 459-460."

In the case of San Antonio v. French, cited in the
Travis County case, the Supreme Court, speaking through Jus-
tice Gaines, in a few well considered words, clearly stated
on what state of facts a municipality may become liable up-
on an implied contract, and then announced the law, which we
here follow. The court said:

> "It may be that when a municipal corpora-
> tion has received the benefit of a contract,
> which it had the power to make, but which was
> not legally entered into, it may be compelled
> to do justice, and to pay the consideration,
> or at least to pay for what it has received.
> In such cases it is said that the law will im-
> ply a contract. But we think it is contrary
> to sound principles to imply a contract in any
> other case."

In the case of Easterwood v. Henderson County, supra,
the court said:

> "The power to provide for the collection
> of delinquent taxes, and prescribe the com-
> pensation to be paid for services rendered
> in that respect, resides exclusively in the
> legislature. * * * Except as given by statute,
> a commissioners' court is powerless to con-
> tract in the respects mentioned. * * * As al-
> ready pointed out the authority of the com-
> missioners' court to contract with respect
> to the collection of delinquent taxes pro-
> ceeds from the Legislature, and is subject
> to such limitations as the Legislature sees
> fit to prescribe. * * * Furthermore, the

64

provisions of the 1931 Act do not purport to
authorize the imposition of any liability
against the county except in conjunction with
the liability against the State," (All emphasis
hereinabove ours).

These decisions clearly announce the law and the
reasons therefor and any further comment thereon would be
superfluous.

It follows from what has been said that it is the
opinion of the Attorney General that the Commissioners'
Court does not have the authority to pay an attorney on a
quantum meruit basis for services rendered in the collect-
ion of delinquent taxes, and that such services when and if
rendered in pursuance to a contract that has been legally
entered into can only be compensated for in the manner set
forth in Article 7335a. and other related statutes which
have been referred to in this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

V. F. Moore
FIRST ASSISTANT

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WRM-MR

APPROVED JUN 28, 1939

ATTORNEY GENERAL OF TEXAS